**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RHONDA THOMPSON, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 20-cv- |
| VALENTINE & KEBARTAS, LLC, LVNV FUNDING, LLC, and RESURGENT CAPITAL SERVICES, LP, | ) ) ) ) | |
| Defendants. | ) ) | Jury Demanded |

## COMPLAINT—CLASS ACTION

Plaintiff, Rhonda Thompson, on behalf of herself and a putative class, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and alleges:

## JURISDICTION AND VENUE

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because parts of the acts and transactions occurred here and Defendants transact substantial business here.

## STANDING

3. Defendants sent Plaintiff a collection letter which stated that Defendants may keep any payments or credits in excess of an agreed upon settlement amount.

4. Plaintiff has thus suffered an injury as a result of Defendants' conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define

1

injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## <u>PARTIES</u>

5.      Plaintiff, Rhonda Thompson, ("Plaintiff"), is a resident of the state of Illinois from whom Defendants attempted to collect a defaulted consumer debt allegedly owed for a Credit One Bank, N.A. credit card account.

6.      Plaintiff used the account to make purchases primarily for personal and household purposes.

7.      Plaintiff is thus a "consumer" as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

8.      Defendant, Valentine & Kebartas, LLC ("Valentine"), is a Massachusetts limited liability company that does or transacts business in Illinois. Its registered agent is Cogency Global Inc., 600 South Second Street, Suite 404, Springfield, Illinois, 62704.

9.      Valentine acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephones to collect, or attempt to collect, defaulted consumer debts due or asserted to be due another.

10.      Valentine is licensed as a collection agency in Illinois and attempts to collect debts from consumers in the State of Illinois.

11.      Valentine is thus a "debt collector" as that term is defined at § 1692a(6) of the FDCPA.

12.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company that does or transacts business in the State of Illinois. Its registered agent is Illinois Corporation Service, located at 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

13.     LVNV is engaged in the business of a collection agency, using the mails and telephone to collect defaulted consumer debts that it purports to own.

14.     LVNV buys defaulted consumer debts for no more than five cents on the dollar, then attempts to collect the face value of the debt from consumers, via third parties.

15.     LVNV attempts to collect the consumer debts it purports to own through entities such as Codefendant Resurgent Capital Services L.P.

16.     LVNV maintains a website, www.lvnvfunding.com.

17.     At the time of filing of this complaint, LVNV's website read in part as follows:

> Your Account Has A New Owner: LVNV Funding
>
> You still owe your debt but the new owner is LVNV Funding. LVNV Funding outsources the management of its portfolio of accounts to a company called Resurgent Capital Services. Resurgent Capital Services is a fully licensed third-party debt collector specializing in the management of these types of consumer assets. Resurgent may contact you directly or may ask one of their collection agency partners to help them reach out to you.

https://lvnvfunding.com/, Accessed 8 April, 2020.

18.     LVNV purchases portfolios of both domestic (U.S.) and international consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers.

19.     LVNV's principal business purpose is the collection of defaulted consumer debts.

20.     In fact, at least 75 percent of LVNV's revenue comes from collections it obtains "indirectly" via lawsuits, credit reporting and collection letters, on defaulted consumer debts that it asserts to own, that are originated by others.

21. LVNV holds a collection agency license from the State of Illinois.

22. LVNV uses interstate commerce and the mails to collect defaulted consumer debts, the collection of which constitutes the principal purpose of its business, and LVNV is thus a "debt collector" as that term is defined in § 1692a(6) of the FDCPA.

23. Resurgent Capital Services, L.P., ("Resurgent") is a servicer of defaulted consumer debts, which collects debts on behalf of purchasers of defaulted consumer debts, such as LVNV in this case, via the mailing of collection letters and telephone communications made to alleged debtors in connection with the collection of the alleged debts that they attempt to collect.

24. Resurgent is a South Carolina corporation that does or transacts business in Illinois. Its registered agent is Corporation Service Company, 1703 Laurel Street, Columbia, South Carolina.

25. The management of assets purchased by LVNV is outsourced to Resurgent, a third-party specializing in the management of these types of consumer assets. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers, including LVNV, and performs these services on their behalf. Resurgent, a licensed debt collector, may perform these activities directly, or in most cases, will outsource the recovery activities to other, independent, specialized, licensed collection agencies, such as Valentine.

26. Resurgent holds a collection agency license from the State of Illinois.

27. Resurgent is a manager and servicer of domestic and international consumer debt portfolios for credit grantors and debt buyers. It manages accounts across the credit spectrum

including performing accounts, sub- and non-performing accounts, secured accounts, and unsecured accounts.

28.     Resurgent was hired to collect the alleged debt on behalf of LVNV.

29.     Resurgent manages and services charged-off consumer debt portfolios for LVNV.

30.     Resurgent maintains a website, www.resurgent.com.

31.     Resurgent's website reads in part as follows:

…

### 3) FEDERAL AND STATE DISCLOSURES

Resurgent Capital Services L.P. is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

https://portal.resurgent.com/terms-conditions-disclosures?_ga=2.202767379.36788904.1584645028-840023825.1584645028https://resurgent.com/, Accessed 8 April, 2020.

32.     Resurgent is thus a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) because it regularly collects defaulted consumer debts on behalf of LVNV.

33.     Resurgent collects defaulted consumer debts on behalf of LVNV directly, or by outsourcing the recovery activities to other, independent, specialized, licensed collection agencies.

### FACTUAL ALLEGATIONS

34.     According to Defendants, Rhonda Thompson ("Plaintiff") incurred an alleged debt for goods and services charged to a Credit One Bank, N.A. consumer credit account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

35.     Due to her financial circumstances, Plaintiff could not pay any alleged debts, and the alleged debt went into default.

36. LVNV purports to have purchased the alleged consumer debt after default.

37. Defendants subsequently began collecting the alleged debt.

38. On or about April 9, 2019, Valentine, on behalf of itself and the other Defendants, mailed Plaintiff a collection letter ("Letter"). (Exhibit A, Collection Letter).

39. The letter contained within Exhibit A is an accurate copy of the letter mailed to Plaintiff, by Valentine, on or about April 9, 2019.

40. Exhibit A is a form letter.

41. The Letter conveyed information about the alleged debt, including an account number, the identity of the creditor, and an account balance.

42. The Letter was thus a communication as that term is defined at §1692a(2) of the FDCPA.

43. The Letter makes several settlement offers which would result in Plaintiff paying a reduced amount of the current balance.

44. The Letter then directs Plaintiff to call Valentine in order to secure one of the above options.

45. The Letter then promises that Valentine will notify LVNV that a satisfactory arrangement has been made.

46. Were Plaintiff to accept any of the settlement offers, and abide by its terms, Defendants' claim would be reduced to reflect a discount of up to 50%, depending on the offer accepted.

47. However, the Letter then states: "Any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance." (Ex. A, Letter).

48.     Any such overpayment, or credit by LVNV, if kept, would result in Valentine collecting an amount in excess of the adjusted claim.

49.     In fact, it is unlawful in Illinois for a debt collector to keep any overpayment or other fees of any kind over and above the actual debt or claim.

50.     Specifically, the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/9(a)(29), makes unlawful "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement."

51.     Plaintiff is a "debtor" as defined in 225 ILCS 425/2 of the ICAA.

52.     Resurgent regularly collects debts on behalf of others and is a "collection agency" as defined in the ICAA.

53.     Upon information and belief, no agreement exists that authorizes any Defendant to keep payments or credits that exceed an agreed upon settlement amount.

54.     There is no agreement between Plaintiff and Defendants authorizing them to collect excess fees or costs for any purpose.

55.     The alleged debt was not incurred as the result of a commercial transaction.

56.     Moreover, the policy of keeping any excess payments or credits for themselves is grossly unfair and unconscionable.

57.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.**

> **Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **. . . (2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt. . .**
>
> **. . . (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

58. Defendants made a deceptive and false statement in connection with their attempt to collect an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(10) when they stated that they may keep any payments or credits in excess of an agreed settlement amount of an alleged debt.

59. 15 U.S.C. § 1692f of the FDCPA provides as follows:

> **Unfair practices**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

60. Defendants engaged in an unfair and unconscionable practice in connection with their attempt to collect an alleged debt, in violation of 15 U.S.C. § 1692f, when they stated that Defendants may keep any payments or credits in excess of the agreed settlement amount of an alleged debt.

61. LVNV bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Resurgent and Valentine. *Janetos v. Fulton Friedman & Gullace, LLP*, No. 15-1859, 2016 WL 1382174, at *7 (7th Cir. 2016).

62. Resurgent bears the burden of monitoring the activities of those it enlists to collect debts on its behalf, including Valentine. *Id.*

63. Neither company, LVNV nor Resurgent, may retain an attorney to engage in activity unlawful on its behalf, namely the imposition of fees or amounts in excess of the claim.

64. Defendants' actions created a risk that Plaintiff would pay money beyond that which Plaintiff would agree to pay as settlement of the alleged debt.

65. Defendants' actions created a risk that an unsophisticated consumer would pay money beyond that which it would agree to pay as settlement of the alleged debt.

66. Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard. *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## CLASS ALLEGATIONS

67. Plaintiff brings this action on behalf of a class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

68. The class consists of (a) all individuals with Illinois addresses, (b) who were mailed a letter by Valentine to collect a consumer debt (c) which letter stated in part that "any payments or credits in excess of the agreed settlement amount will be applied against the account's outstanding balance" (d) which was mailed at any time during the period beginning one year prior to the filing of this action and ending on the date of the filing of this action.

69. As Exhibit A is a form letter, and therefore likely sent to at least 40 consumers in Illinois, the class is so numerous that joinder of all members is not practicable.

70. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members.

71. Plaintiff's claims are typical of the claims of the class members. All are based on the same factual and legal theories.

9

72.     Plaintiff will fairly and adequately represent the class members.

73.     Plaintiff has retained counsel that has been approved as class counsel in prior actions brought under the FDCPA.

74.     A class action is superior for the fair and efficient adjudication of this matter, in that:

        a.     Individual actions are not economically feasible;

        b.     Members of the class are likely to be unaware of their rights;

        c.     Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

75.     Defendant LVNV has net worth in excess of 50 million dollars.

76.     Defendant Resurgent has net worth in excess of 50 million dollars.

## COUNT I—FDCPA CLASS CLAIM

77.     Plaintiff re-alleges the paragraphs above as if set forth fully in this count.

78.     Valentine, on behalf itself and the other Defendants, made a false and deceptive statement in connection with the attempt to collect an alleged debt, in violation of 15 U.S.C. §§ 1692e(2)(a) and 1692e(10), when it stated that Defendants may keep any payments or credits in excess of an agreed settlement amount.

79.     Valentine, on behalf of itself and the other Defendants, engaged in an unfair practice in connection with the attempt to collect an alleged debt, in violation of 15 U.S.C. § 1692f, when it stated that Defendants may keep any payments or credits in excess of the agreed settlement amount of an alleged debt.

WHEREFORE, Plaintiff respectfully asks this Court enter judgment in Plaintiff's favor and against Defendants as follows:

    i.   Statutory damages for the class pursuant to 15 U.S.C. § 1692k(a)(2);

   ii.   Actual damages in favor of all class members, if any, who had overpayments kept by Defendants;

  iii.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

  iv.   Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

By: /s/*Mario Kris Kasalo*_____
One of Plaintiff's Attorneys

Mario Kris Kasalo
**The Law Office of M. Kris Kasalo, Ltd.**
20 North Clark Street, Suite 3100
Chicago, IL 60602
Tel 312-726-6160
Fax 312-698-5054
mario.kasalo@kasalolaw.com

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount

as a court awards. All rights relating to attorney's fees have been assigned to counsel.

By: /s/ *Mario Kris Kasalo*
Mario Kris Kasalo

11